LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 13-02449 BRO (JCx)** | Date | August 14, 2014 |
|---|---|---|---|
| Title | **TRENA STEWARD ET AL. V. KANYE WEST ET AL.** | | |

Present: The Honorable    **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS)

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [125] AND DENYING PLAINTIFFS' CROSS-MOTION [129]

## I.    INTRODUCTION

Pending before the Court are cross-motions for judgment on the pleadings brought by Plaintiffs Trena Steward, Lorenzo Pryor, and Karla Ray (collectively, "Plaintiffs") (Dkt. No. 129), and by Defendants Kanye West, UMG Recordings, Inc., Roc-A-Fella Records, LLC, The Island Def Jam Music Group, Caroline Distribution, Electronic Arts, Inc., Warner Bros. Entertainment Inc., Stones Throw Records, NBCUniversal Media, LLC, Konami Digital Entertainment, Inc., Terminal Realty, Inc., Autumn Games, LLC, and Bad Boy Records LLC (collectively, "Defendants") (Dkt. No. 125).[1]  Plaintiffs seek judgment with regard to Defendants' affirmative defense of *de minimis* use,[2] whereas Defendants seek judgment with regard to the entirety of Plaintiffs' Fourth Amended Complaint ("4AC") for failure to state a claim.  Plaintiffs' Fourth Amended Complaint asserts causes of action for (1) copyright infringement, (2) contributory copyright infringement, and (3) declaratory relief of joint authorship and equitable accounting. (Dkt. No. 87.)

---

[1] Defendants Konami Digital Entertainment, Terminal Realty, Autumn Games, and Bad Boy Records all filed notices of joinder in Defendants' motion.  (Dkt. Nos. 131–34.)  Paramount Pictures Corporation also joined in this motion (Dkt. No. 130), but the parties stipulated to dismiss Paramount from the lawsuit on July 24, 2014 (Dkt. No. 162).

[2] Plaintiffs' motion seeks judgment on the pleadings as to Defendants' "Fifth Affirmative Defense," yet the separate Answers do not uniformly list the affirmative defense of *de minimis* use as the fifth affirmative defense.  Accordingly, the Court will consider each Defendant's affirmative defense of *de minimis* use regardless of the numbering of the defenses.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-02449 BRO (JCx) | | Date | August 14, 2014 |
|---|---|---|---|---|
| Title | **TRENA STEWARD ET AL. V. KANYE WEST ET AL.** | | | |

     Because the parties' legal grounds for judgment under Rule 12(c) require determination of the same legal issues, the Court consolidates their individual motions for judgment on the pleadings and addresses their arguments collectively.  After consideration of the papers filed in support of and in opposition to the instant motions, the Court deems these matters appropriate for decision without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **GRANTS** Defendants' motion and **DENIES** Plaintiffs' motion.

## II.   BACKGROUND

### A. Factual Background

     Plaintiffs are the heirs of musician, composer, and recording artist David Pryor of the music group "Thunder & Lightning."  (4AC ¶¶ 9, 14.)  In 1974, Mr. Pryor wrote and recorded a musical composition entitled "Bumpin' Bus Stop" ("Plaintiffs' Song").  (4AC ¶ 9.)  Mr. Pryor's voice introduces the song, where he says: "Hey Gang, let me show you something!  It's the hottest thing and it's on its way to the top!  Step up front…you dig!  Get down with the Bus Stop!"  (4AC ¶ 12.)  The composition for this song was federally registered by Private Stock Records' ("Private Stock") music publisher, Caesar's Music Library, in January 1975.  (4AC ¶ 15.)  Private Stock also federally registered a recording of Plaintiffs' Song.  (4AC ¶ 15.)  Plaintiffs allege that Private Stock's copyright application inadvertently failed to state that its recording was based on Mr. Pryor's previously recorded vocal performance at the "Gold Future" recording studio, and, consequently, that the application misstated the true author.  (4AC ¶ 15.)  Plaintiffs recently registered the Gold Future recording for copyright protection.  (Dkt. Nos. 125 at 15, 138 at 10.)

     On January 7, 2004, Mr. Pryor was admitted to a nursing facility, where he suffered from several incapacitating diseases such as cerebrovascular disease, prostate cancer, Parkinson's disease, dementia, diabetes, and epilepsy.  (4AC ¶ 16.)  According to Plaintiffs, these diseases rendered Mr. Pryor mentally disabled and thus unable to discover any infringement of his copyright.  (4AC ¶ 18.)  Mr. Pryor eventually succumbed to his illnesses and passed away on May 14, 2006.  (4AC ¶ 19.)  After a probate proceeding, the rights to Plaintiffs' Song were assigned to Plaintiffs. (4AC ¶ 19.)

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-02449 BRO (JCx) | | Date | August 14, 2014 |
|---|---|---|---|---|
| Title | TRENA STEWARD ET AL. V. KANYE WEST ET AL. | | | |

Pursuant to the judgment in the probate proceeding, Plaintiffs Trena Steward, Lorenzo Pryor, and Karla Ray, respectively hold a 22.23%, 24.44%, and 24.44% ownership interest in Plaintiffs' Song.[3]  (4AC Ex. 3.)  Plaintiffs allege that Defendants have infringed the copyright of Plaintiff's Song by illegally sampling both the lyrical verses and Pryor's actual vocal performance of Plaintiffs' Song.  (4AC ¶ 23.)

### B. Procedural History

On April 5, 2013, Plaintiffs filed their original Complaint.  (Dkt. No. 1.)  Plaintiffs then filed a First Amended Complaint on April 24, 2013.  (Dkt. No. 6.)  On September 6, 2013, this Court granted Defendants' motion to dismiss the First Amended Complaint with leave to amend.  (Dkt. No. 48.)  Plaintiffs then filed their Second Amended Complaint on September 25, 2013 (Dkt. No. 49), and then a Third Amended Complaint—solely to correct paragraph numbering errors—on November 24, 2013 (Dkt. No. 59).  On February 12, 2014, Defendants stipulated to allow Plaintiffs to file a Fourth Amended Complaint (Dkt. No. 79), which Plaintiffs then filed on February 21, 2014 (Dkt. No. 87).  The Fourth Amended Complaint remains the operative complaint in this matter.  Defendants then filed their respective Answers, and the Court held a scheduling conference on March 31, 2014.  (Dkt. No. 118.)

On June 16, 2014, both Plaintiffs and Defendants filed the instant cross-motions for judgment on the pleadings.  (Dkt. Nos. 125, 129.)  Each party opposed the other's motion on June 23.[4]  (Dkt. Nos. 134, 138.)  Plaintiffs then replied on June 26 (Dkt. No. 144), and Defendants replied on July 2 (Dkt. No. 150).  In addition, both parties have submitted requests for judicial notice (Dkt. Nos. 136, 147), as well as evidentiary objections (Dkt. Nos. 153, 155, 161).

---

[3] Plaintiffs collectively hold a 71.11% interest in the copyright for Bumpin' Bus Stop.  The remaining 28.89% interest was assigned to Sheila Hines and Margaret Pryor in the probate proceeding.  (*See* 4AC Ex. 3.)

[4] Defendants Paramount Pictures Corporation, Bad Boy Records, and Autumn Games LLC joined in Defendants' opposition on June 24 and June 25.  (Dkt. Nos. 140, 142, 143.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-02449 BRO (JCx) | | Date | August 14, 2014 |
|---|---|---|---|---|
| Title | TRENA STEWARD ET AL. V. KANYE WEST ET AL. | | | |

## III.   REQUESTS FOR JUDICIAL NOTICE

Each party has requested that this Court take judicial notice of various documents pursuant to Rule 201 of the Federal Rules of Evidence.  Under Rule 201, the Court may take judicial notice of "matters of public record."  *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).  Further, a trial court must take judicial notice of facts "if requested by a party and supplied with the necessary information."  Fed. R. Evid. 201(d).  A fact is appropriate for judicial notice only if it is not subject to reasonable dispute because it is (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).

### A. Defendants' Request for Judicial Notice

In connection with its motion, Defendants request that the Court take judicial notice of five documents: (1) the copyright registration of the Gold Future recording, (2) the copyright registration of the Private Stock recording, (3) sound recordings of both the Gold Future recording and the Private Stock recording, as well as sound recordings of Defendants' allegedly infringing works, (4) the labels, credits, and liner notes released together with and as a part of several of Defendants' works at issue in this matter, and (5) an October 28, 2013 order by the Honorable Dean D. Pregerson in another matter in which Defendants are involved.  (Dkt. No. 126 at 2.)

### 1.  The Copyright Registrations

Defendants' first two requests concern copyright registrations for the two recordings created of Plaintiffs' Song.  (Dkt. Nos. 127-1, 127-2.)  It is common practice for courts to take judicial notice of copyright registrations.  *See Warren v. Fox Family Worldwide, Inc.*, 171 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001) ("Copyright certificates are the type of documents that the court may judicially notice under Rule 201(b)(2).").  Accordingly, the Court **GRANTS** Defendants' request to take judicial notice of the copyright registration certificates.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-02449 BRO (JCx) | Date | August 14, 2014 |
|---|---|---|---|
| Title | TRENA STEWARD ET AL. V. KANYE WEST ET AL. | | |

### 2.  Sound Recordings

Next, Defendants request that the Court take judicial notice of the Gold Future and Private Stock sound recordings, as well as the sound recordings of Defendants' allegedly infringing songs.  As these recordings are not matters of public record, the Court **DENIES** Defendants' request to take judicial notice of them.  Nevertheless, "a court may consider documents which are not physically attached to the complaint but 'whose contents are alleged in [the] complaint and whose authenticity no party questions.'"  *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1128 (C.D. Cal. 2007) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

In their Fourth Amended Complaint, Plaintiffs make numerous references to the two recordings of Plaintiffs' Song made at the Gold Future Studio and at Private Stock, as well as to Defendants' allegedly infringing sound recordings.  (*See, e.g.*, 4AC ¶¶ 11–17, 27–30.)  In addition, it is generally appropriate to consider at the motion to dismiss stage allegedly infringed and allegedly infringing works.  *See, e.g.*, *Zella*, 529 F. Supp. 2d at 1128 ("Plaintiffs allege that the show Rachael Ray, as an ongoing series, infringes on Plaintiffs' Showbiz Chefs, so the Court may properly consider the content of the show as a [sic] documentary facts 'whose contents are alleged in [the] complaint.'" (alteration in original)).  Accordingly, the Court may consider the sound recordings attached to Defendants' initial motion.  (Dkt. No. 128.)

### 3.  Publicly Released Labels, Credits, and Liner Notes

Defendants also ask the Court to take judicial notice of the packaging—the labels, credits, and liner notes—accompanying the products at issue.  Plaintiffs object to this evidence on the basis that the packaging is "illegible," "not public records in the traditional sense," and irrelevant.  (Dkt. No. 139 at 2.)  As a fact capable of accurate and ready determination by resort to easily verifiable sources, however, product packaging is often properly the subject of judicial notice by courts.  *See, e.g.*, *Dvora v. Gen. Mills, Inc.*, CV 11-1074-GW PLAx, 2011 WL 1897349, at *2 (C.D. Cal. May 16, 2011) ("The Court would grant Defendant's Request for Judicial Notice . . . of the complete color copy of the Total Pomegranate Blueberry cereal package referenced throughout Plaintiff's complaint."); *Von Koenig v. Snapple Beverage Corp.*, 713 F. Supp. 2d 1066, 1073 (E.D. Cal. 2010) (taking judicial notice of "the label from a bottle of Acai

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-02449 BRO (JCx)** | Date | August 14, 2014 |
|----------|---------------------------|------|------------------|
| Title | **TRENA STEWARD ET AL. V. KANYE WEST ET AL.** | | |

Blackberry juice drink" and of "the labels from a bottle of Peach iced tea and from a bottle of Raspberry iced tea" because "these labels form the basis of the relevant causes of action"). Although the packaging does not form the basis of any of Plaintiffs' causes of action, they are nonetheless relevant to Defendants' defense to Plaintiffs' claims for declaratory relief. Accordingly, the Court **GRANTS** Defendants' request to take judicial notice of the products' packaging. (Dkt. No. 127-4.)

### 4. Judge Pregerson's Order

Finally, Defendants request that this Court take judicial notice of Judge Pregerson's order in *Lorenzo Pryor et al. v. Wyclef Jean et al.*, No. CV 13-02867 DDP (AJWx) (C.D. Cal. Apr. 23, 2013) (Dkt. No. 30). Courts may take judicial notice of orders issued in other court proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) ("In particular, we 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Boreno, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992))). The Court therefore **GRANTS** Defendants' request to take judicial notice of Judge Pregerson's order.

### B. Plaintiffs' Request for Judicial Notice

Plaintiffs ask the Court to take judicial notice of seven exhibits, including (1) court orders in two other matters proceeding in this District, (2) a copy of the "Sound Recording Distribution Guidelines" published by the Sound Recording Division of the Screen Actors Guild-American Federation of Television and Radio Artists ("SAG-AFTRA"), (3) previously filed pleadings, including declarations, filed in another court proceeding, *Pryor v. Warner/Chappell Music, Inc.*, CV13-04344 RSWL (AJWx) (C.D. Cal. June 17, 2013), (4) federal regulations 37 C.F.R. §§ 260 *et seq.* and 17 U.S.C. § 1006, (5) the manner in which SAG-AFTRA publicly identifies the "Gold Digger" sound recording on its website, and (6) the "Gold Digger" sound recording. (Dkt. Nos. 136, 147.) Defendants object to admission of the Sound Recording Distribution Guidelines and the declarations from the *Warner/Chappell* action. (Dkt. No. 153.)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 13-02449 BRO (JCx)** | Date | August 14, 2014 |
|----------|---------------------------|------|-----------------|
| Title | **TRENA STEWARD ET AL. V. KANYE WEST ET AL.** | | |

### 1. Court Orders

Plaintiffs request that the Court take judicial notice of court orders from the *Warner/Chappell* action and from this Court's matter of *VMG Salsoul, LLC v. Madonna Louis Ciccone*, CV12-05967 BRO (CWx) (C.D. Cal. July 11, 2012).  As court proceedings, these orders are the proper subjects of judicial notice.  *See Trigueros*, 658 F.3d at 987.  The Court therefore **GRANTS** Plaintiffs' request to take judicial notice of these court orders.  (Dkt. Nos. 136-1, 136-2.)

### 2. Sound Recording Distribution Guidelines

Plaintiffs next request that the Court take judicial notice of SAG-AFTRA's Sound Recording Distribution Guidelines.  Plaintiffs assert (without any supporting authority) that these guidelines are judicially noticeable because they are matters of the public record that are not subject to reasonable dispute.  In their objections, Defendants contend that (1) public distribution of the guidelines does not make them a matter of public record, and (2) SAG-AFTRA's definition of a "non-featured performer" is not a judicially noticeable fact because its definition is not actually a fact.  The issue is moot, however, because the Court does not consider the SAG-AFTRA definition of a "non-featured performer" as the conclusive definition of the term.  Rather, Plaintiffs have presented a publicly disseminated definition by a particular organization as persuasive authority for how the Court should interpret the term.  The Court does not blindly accept SAG-AFTRA's definition as fact.  Defendants' objections are thus **OVERRULED**, and Plaintiffs' request is **GRANTED** for the limited purpose discussed above.[5]

### 3. Declarations from the *Warner/Chappell* Matter

Finally, Plaintiffs request that the Court take judicial notice of four declarations submitted in another court proceeding pending in the Central District of California.  In support of this request, Plaintiffs state simply that the Court may take judicial notice of the previously filed pleadings in that matter "bearing on the Court's decision in denying the defendants' motion to dismiss on the same grounds presented in this motion."  (Dkt.

---

[5] Though it does not rely on this evidence in making its determination, the Court **GRANTS** Plaintiffs' request to take judicial notice of SAG-AFTRA's description of the "Gold Digger" recording.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 13-02449 BRO (JCx) | Date | August 14, 2014 |
|---|---|---|---|
| Title | TRENA STEWARD ET AL. V. KANYE WEST ET AL. | | |

No. 136 at 3.)  Defendants object to these declarations being admitted on the grounds that they are not relevant and that the Court cannot take judicial notice of their contents without an independent reason for doing so.

The Court agrees with Defendants.  Plaintiffs do not explain why these declarations are relevant for purposes of the cross-motions at bar.  True, they were submitted in relation to a motion in another proceeding that dealt with a similar issue, but that does not, by itself, establish their relevance to the Court here.  The court's order in the *Warner/Chappell* matter is sufficient to provide the Court with all the relevant information to consider that case's impact on the matter at hand, and that order is already admitted.  More importantly, as Defendants argue, the Court may not take judicial notice of the *contents* of these declarations without an independent basis for doing so—and Plaintiffs have not provided the Court with any.  *See Bass v. Cnty. of Butte*, CIV-S-02-2443 DFL/CG, 2004 WL 1925468, at *2 n.2 (E.D. Cal. Aug. 6, 2004) ("[Plaintiff] seeks judicial notice of a declaration produced in another case in this district.  But the court may only take judicial notice of the existence of the document as a public record—there must be an independent basis for taking notice of the facts referenced in the declaration.").  Assuming Plaintiffs are seeking to introduce the contents of these declarations rather than the existence of them as a public record—which would certainly be irrelevant—the Court must have an independent basis for doing so.  Because Plaintiffs have not provided the Court with any such basis, Defendants' objections to these exhibits are **SUSTAINED**, and Plaintiffs' request for judicial notice is **DENIED**.

## IV.    PLAINTIFFS' REQUEST TO CONVERT DEFENDANTS' MOTION INTO A MOTION FOR SUMMARY JUDGMENT

Plaintiffs request that the Court convert Defendants' motion for judgment on the pleadings into a motion for summary judgment so that the Court may consider further evidence.  (Dkt. No. 138 at 12.)  Plaintiffs have submitted an expert report and several declarations that are relevant to matters discussed in their opposition to Defendants' motion.  (Dkt. No. 138 at 12.)  Generally, a court may not look to matters beyond the complaint without converting a motion to dismiss (or a motion for judgment on the pleadings) into one for summary judgment.  *See Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983 (N.D. Cal. 2010).  Rule 12(d) of the Federal Rules of Civil Procedure, however, provides that "[i]f, on a motion under Rule 12(b)(6) . . . , matters

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 13-02449 BRO (JCx)** | Date | August 14, 2014 |
|----------|---------------------------|------|-----------------|
| Title | **TRENA STEWARD ET AL. V. KANYE WEST ET AL.** | | |

outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

The Court finds that Defendants' motion does not present "matters outside the pleadings." Rather, Defendants' motion is based on Plaintiffs' Fourth Amended Complaint, the "Bumpin' Bus Stop" sound recordings identified in the Complaint, and judicially noticed documents. The Court therefore declines Plaintiffs' request to convert Defendants' motion for judgment on the pleadings into a motion for summary judgment and instead **STRIKES** Plaintiffs' proffered extraneous materials. *See Boisvert v. Li*, No. 13–cv–01590 NC2014, 2014 WL 279915, at *4 (N.D. Cal. Jan. 24, 2014). As a result, the Court will not consider the two declarations of Courtney Coates (Dkt. Nos. 137, 156) or the "preliminary expert report" of Dr. Alexander Stewart (Dkt. Nos. 136-8, 137-1).

Nor will the Court consider the supplemental lodging of the digital snippets of the songs provided by Defendants. (Dkt. No. 152.) Arguably, the contents of these snippets are referenced in the Fourth Amended Complaint because they represent the portions of Plaintiffs' Song that Defendants allegedly infringed. And Defendants have submitted declarations supporting their position that these are just short portions of the recordings provided by Plaintiffs' counsel. (Dkt. Nos. 158, 159, 160.) Nevertheless, the Court may only consider documents "whose contents are alleged in [the] complaint *and whose authenticity no party questions*." *Branch*, 14 F.3d at 454 (emphasis added). Here, Plaintiffs have vigorously contested the authenticity of the snippets. (Dkt. Nos. 155, 161.) Moreover, the Court must consider the sampled portions in the context of the entire songs at issue. The Court therefore declines to consider the snippets.

Finally, the Court denies Plaintiffs' embedded request for leave to amend their pleadings to include the matters set forth in Mr. Coates's declarations and the Stewart report. Plaintiffs appear to raise this request in an attempt to circumvent the rule against considering extraneous materials on a motion for judgment on the pleadings. If Plaintiffs wish to amend their pleadings, they must seek leave from the Court pursuant to Rule 15, which justifies granting leave "when justice so requires." Allowing Plaintiffs to amend their pleadings simply to enable them to make an argument that the Court should consider extraneous materials would not be in the interest of justice, particularly given that Plaintiffs have amended their Complaint four times.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-02449 BRO (JCx) | Date | August 14, 2014 |
| --- | --- | --- | --- |
| Title | TRENA STEWARD ET AL. V. KANYE WEST ET AL. | | |

## V.   CROSS-MOTIONS FOR JUDGMENT ON THE PLEADINGS

### A. Legal Standard

After the pleadings are closed but early enough not to delay trial, any party may move for judgment on the pleadings.  Fed. R. Civ. P. 12(c).  The standard applied to a Rule 12(c) motion is fundamentally similar to that applied to Rule 12(b)(6) motions; all allegations of fact by the party opposing the motion are accepted as true, and the complaint is construed in the light most favorable to the non-moving party.  *McGlinchey v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  But "conclusory allegations without more are insufficient to defeat a motion [for judgment on the pleadings]."  *Id.*  "A Rule 12(c) motion may thus be predicated on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim."  *Legras v. Aetna Life Ins.*, 2012 WL 3144893, *1 (C.D. Cal. 2012); *accord Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990).  "A judgment on the pleadings is proper if, taking all of [plaintiff]'s allegations in its pleadings as true, [defendant] is entitled to judgment as a matter of law." *Compton Unified School Dist. v. Addison,* 598 F.3d 1181, 1185 (9th Cir.2010).

As with Rule 12(b)(6) motions, "[g]enerally, a district court may not consider any material beyond the pleadings . . . [but] material which is properly submitted as part of the complaint may be considered."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted); *accord* William W Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 9:339.1 (2005).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)) motion to dismiss[,]" or on a Rule 12(c) motion, without converting the motion into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading."  5C Wright & Miller, Federal Practice & Procedure § 1363 (3d ed. 2004).

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 13-02449 BRO (JCx) | Date | August 14, 2014 |
|---|---|---|---|
| Title | TRENA STEWARD ET AL. V. KANYE WEST ET AL. | | |

### B. Discussion

The parties raise several issues in their cross-motions.  In their motion, Defendants argue that (1) Plaintiffs have failed to state a claim for direct copyright infringement (and, consequently, for contributory copyright infringement); (2) Plaintiffs' claim for declaratory relief based on joint authorship both fails to state a claim and is barred by the statute of limitations; and (3) Plaintiffs cannot recover statutory damages and attorney's fees.  Plaintiffs' motion argues solely that the Court should not consider Defendants' defense that any copying was *de minimis*.  Each issue will be discussed in turn.

### 1. Plaintiffs Have Failed to State a Claim for Copyright Infringement

To begin, Defendants argue that Plaintiffs' claims for copyright infringement should be dismissed.  The Ninth Circuit has long held that non-infringement can be determined on a motion to dismiss.  If "the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss." *Christianson v. W. Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945); *accord Kennedy v. Paramount Pictures Corp.*, 12CV372–WQH–WMC, 2013 WL 1285109, at *6 (S.D. Cal. Mar. 27, 2013) (granting motion to dismiss because copyrighted work was not substantially similar to defendant's depiction of characters, plot, and themes in Titanic); *Zella*, 529 F. Supp. 2d at 1130 ("For fifty years, courts have followed this rather obvious principle and dismissed copyright claims that fail from the face of the complaint.").

In order to prove copyright infringement, Plaintiffs must demonstrate: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Although they concede copying for purposes of these motions, Defendants argue that Plaintiffs cannot establish infringement because the elements copied were not protectable under copyright law and because any copying was *de minimis* and thus not actionable.

### a. Plaintiffs' Sound Recordings Are Sufficiently Original

First, Defendants contend that the allegedly copied portions of Plaintiffs' sound recordings were not sufficiently original to warrant copyright protection.  Indeed,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-02449 BRO (JCx) | | Date | August 14, 2014 |
|---|---|---|---|---|
| Title | TRENA STEWARD ET AL. V. KANYE WEST ET AL. | | | |

Defendants point out that the Court has already found that the short phrases in the copied portions of Plaintiffs' Song do not possess adequate originality to warrant copyright protection in the *musical composition*. (Dkt. No. 48 at 6 ("Here, the Court finds that there is no originality in such words and short phrases as 'Get Down,' 'Step Up,' 'It's the Hottest Thing,' or 'Step Up Front.'").)[6] Defendants accordingly ask the Court to "take the next logical leap" and find that the sound recordings of these phrases similarly lack sufficient originality to warrant copyright protection. (Dkt. No. 125 at 13.)

That the phrases at issue lack sufficient originality as a musical composition, however, does not necessarily mean that sound recordings of these phrases sung, spoken, or otherwise performed in some manner similarly lack originality.[7] "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice." *Feist*, 499 U.S. at 345 (citations omitted). Nevertheless, "copyright law denies protection to 'fragmentary words and phrases' and to 'forms of expression dictated solely at functional considerations' on the grounds that these materials do not exhibit the minimal level of creativity necessary to warrant copyright protection." *Stern v. Does*, 978 F. Supp. 2d 1031, 1040 (C.D. Cal. 2011) (quoting *CMM Cable Rep, Inc. v. Ocean Coast Props., Inc.*, 97 F.3d 1504 (1st Cir. 1996)), *aff'd sub nom. Stern v. Weinstein*, 512 F. App'x 701 (9th Cir. 2013).

The fundamental issue is thus whether Plaintiffs have adequately alleged that the sound recording of the copied snippets provides sufficient originality to warrant copyright protection, even if the phrases themselves are not protectable. Two cases from the Southern District of New York dealing with similar issues are instructive. First, in *Santrayll v. Burrell*, defendants argued that the relevant portion of the allegedly infringed

---

[6] *See Narell v. Freeman*, 872 F.2d 907, 911 (9th Cir. 1989) (holding phrases "conveying an idea typically expressed in a limited number of stereotyped fashions not subject to copyright protection"); *Staggs v. West*, CIV PJM 08-728, 2009 WL 2579665, at *3 (D. Md. Aug. 17, 2009) (finding no copyright protection for the phrase "hold your head up high").

[7] Sound recordings and musical compositions are distinct, independently protectable works. "The sound recording is the aggregation of sounds captured in the recording while the song or tangible medium of expression embodied in the recording is the musical composition." *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1249 (C.D. Cal. 2002), *aff'd*, 349 F.3d 591 (9th Cir. 2003).

| Case No. | **CV 13-02449 BRO (JCx)** | | Date | August 14, 2014 |
|---|---|---|---|---|
| Title | **TRENA STEWARD ET AL. V. KANYE WEST ET AL.** | | | |

songs, which consisted of the word "uh-oh" repeated four times to a particular rhythm, was not sufficiently original to warrant copyright protection. No. 91 CIV. 3166 (PKL), 1996 WL 134803, at *1 (S.D.N.Y. Mar. 25, 1996). While the phrase "uh-oh" is a short and common phrase that would not be protectable as a lyric, the court nevertheless found that "the repetition of the non-protectible word 'uh-oh' in a distinctive rhythm comprises a sufficiently original composition to render it protectible by the copyright laws." *Id.* at *2. Second, in *Tin Pan Apple, Inc. v. Miller Brewing Co.*, the court addressed the originality of "'Brrr' and 'Hugga Hugga' sounds" that were allegedly copied from the plaintiffs' sound recording. 88 CIV. 4085 (CSH), 1994 WL 62360, at *2 (S.D.N.Y. Feb. 24, 1994). In denying the defendants' motion for summary judgment, the court held that "a jury could find that the Hugga Hugga and Brrr sounds, used as lyrics in the copyrighted work, are sufficiently creative to warrant copyright protection." *Id.* at *2–4.

As in *Santrayll* and *Tin Pan Apple*, the Court finds that the *sound recordings* of the short phrases allegedly copied here exhibit the minimal level of creativity necessary to warrant copyright protection. Plaintiffs have alleged in their Fourth Amended Complaint that the phrases at issue here—all of which come from the introduction to Plaintiffs' Song—were performed by "David Pryor's signature voice," and that the recording contained "original music played by Pryor's band, The Play Boys." (4AC ¶¶ 9, 12.) Indeed, while the introductory words are spoken, they are not spoken in monotone; rather, just as in *Santrayll*, the phrases are recited with a distinctive rhythm. Plaintiffs' allegations that the introductory phrases from Plaintiffs' Song feature David Pryor's "signature voice" are therefore sufficient to satisfy the "extremely low" requisite level of creativity to warrant copyright protection. *Feist*, 499 U.S. at 345.

In coming to this conclusion, the Court agrees with the similar analysis performed by the court in *Pryor v. Warner/Chappell Music, Inc.*, in which the Honorable Ronald S.W. Lew found that the "Get Down" snippet from Plaintiffs' Song contained sufficient originality to warrant copyright protection. CV 13-04344 RSWL, 2014 WL 2812309, at *6 (C.D. Cal. June 20, 2014). Accordingly, the Court rejects Defendants' argument that Plaintiffs have failed to state a claim for lack of originality.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-02449 BRO (JCx)** | Date | August 14, 2014 |
|----------|---------------------------|------|-----------------|
| Title | **TRENA STEWARD ET AL. V. KANYE WEST ET AL.** | | |

**b.  Defendants' Use of Plaintiffs' Sound Recordings Was *De Minimis***

Defendants also argue that, even assuming Plaintiffs' work is original, Plaintiffs have not alleged actionable copying because the copying alleged by Plaintiffs is *de minimis* as a matter of law.  In their motion, Plaintiffs argue that the Court should not consider the *de minimis* issue because it is not an independent defense to copyright infringement, but is instead "subsumed within the fair use defense."  (Dkt. No. 129 (citing *Norse v. Henry Holt & Co.*, 991 F.2d 563, 566 (9th Cir. 1993)).)  Plaintiffs misunderstand the *de minimis* analysis in arguing that it does not apply when actual copying is already established.  Indeed, as the Ninth Circuit has made plain, "even where the fact of copying is conceded, no legal consequences will follow from that fact unless the copying is substantial."  *Newton v. Diamond*, 388 F.3d 1189, 1193 (9th Cir. 2004).[8]

---

[8] Plaintiffs also argue that the *de minimis* analysis does not apply in this context under *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 802 (6th Cir. 2005), in which the Sixth Circuit expressly rejected the *de minimis* analysis due to the so-called "mental, musicological, and technological gymnastics" that the test requires.  This holding from *Bridgeport*, however, has been criticized by courts and commentators alike.  *See, e.g.*, *Saregama India Ltd. v. Mosley*, 687 F. Supp. 2d 1325, 1338–41 (S.D. Fla. 2009) (criticizing and declining to follow *Bridgeport*'s "per se infringement" approach); Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.03[A][2][b] (2007); Michael Jude Galvin, *A Bright Line at Any Cost: The Sixth Circuit Unjustifiably Weakens the Protection for Musical Composition Copyrights in* Bridgeport Music v. Dimension Films, 9 Vand. J. Ent. & Tech. L. 529 (2007); Alexander C. Krueger-Wyman, *Mashing Up the Copyright Act: How to Mitigate the Deadweight Loss Created by the Audio Mashup*, 14 U. Denv. Sports & Ent. L.J. 117, 121–22 & n.26 (2013) (collecting authorities); Matthew R. Brodin, Comment, Bridgeport Music, Inc. v. Dimension Films: *The Death of the Substantial Similarity Test in Digital Sampling Copyright Infringement Claims – The Sixth Circuit's Flawed Attempt at a Bright-Line Rule*, 6 Minn. J.L. Sci. & Tech. 825 (2005).  *But see* Tracy L. Reilly, *Debunking the Top Three Myths of Digital Sampling: An Endorsement of the* Bridgeport Music *Court's Attempt to Afford "Sound" Copyright Protection to Sound Recordings*, 31 Colum. J.L. & Arts 355 (2008) (defending *Bridgeport*'s analysis).  Indeed, this Court and others in the Ninth Circuit have rejected *Bridgeport*'s analysis in favor of applying the *de minimis* approach in this context.  *See, e.g.*, *Warner/Chappell*, 2014 WL 2812309, at *7 n.3; *VMG Salsoul, LLC v. Ciccone*, No. CV 12–05967 BRO (Cwx), 2013 WL 8600435, at *9 (C.D. Cal. Nov. 18, 2013).  The Court therefore declines to follow the per se infringement analysis from *Bridgeport*.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-02449 BRO (JCx)** | Date | August 14, 2014 |
|---|---|---|---|
| Title | **TRENA STEWARD ET AL. V. KANYE WEST ET AL.** | | |

A plaintiff must therefore prove not only that the defendant copied his or her work without authorization, but also that the defendant's copying is substantial.[9]

A use is *de minimis*—or not "substantial" enough to be actionable—"only if it is so meager and fragmentary that the average audience would not recognize the appropriation." *Id.* (quoting *Fisher v. Dees*, 794 F.2d 432, 434 n.2 (9th Cir. 1986)). In making this determination, courts must consider both the quantitative and qualitative significance of the copied portion relative to the plaintiff's work as a whole. *Id.* at 1195.

Quantitatively, the portions allegedly copied by Defendants are quite minimal. As Defendants point out, most of the sampled portions alleged to have been used in Defendants' various songs last only about a half-second in time. By contrast, the recording of Plaintiffs' Song is over seven minutes in length.[10] (4AC ¶ 12.) As a result, each of these samples represents very little quantitative significance to Plaintiffs' Song. *See, e.g.*, *VMG*, 2013 WL 8600435, at *11 (finding a quarter-second sample not quantitatively significant to a seven-minute recording); *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 605 (S.D.N.Y. 2013) (finding a three-second drum sequence not quantitatively significant to a six-minute song).

Nevertheless, "[e]ven if a copied portion be relatively small in proportion to the entire work, if qualitatively important, the finder of fact may properly find substantial similarity." *Newton*, 204 F. Supp. 2d at 1257 (quoting *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987)). Defendants argue that the qualitative significance of the individual samples is undermined by the fact that they are all taken by a portion of the song that is spoken rather than sung. The Court is not persuaded by this argument. As discussed above, Plaintiffs allege that the introduction is performed by David Pryor's "signature voice," and the recording demonstrates that there is a particular rhythm to how the lyrics are recited. In contrast, Defendants persuasively argue that the individual

---

[9] The Court also rejects Plaintiffs' request to strike Defendants' affirmative defense, which raises the *de minimis* issue. Plaintiff's motion is a motion for judgment on the pleadings, brought pursuant to Rule 12(c), not a motion to strike under Rule 12(f). Moreover, the *de minimis* analysis is an essential issue to be addressed in this context, and a party need not raise it for the Court to consider it. Accordingly, Plaintiffs' motion is **DENIED**.

[10] Plaintiffs do not specify the length of the Private Stock recording in the Fourth Amended Complaint, but the Court will assume that it is a similar length.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-02449 BRO (JCx) | | Date | August 14, 2014 |
|---|---|---|---|---|
| Title | **TRENA STEWARD ET AL. V. KANYE WEST ET AL.** | | | |

snippets—taken individually and not considered as a part of the introduction as a whole—are qualitatively insignificant to Plaintiffs' Song. That is, the fact that Defendants' songs sample only short portions from the introduction, rather than the introduction as a whole, greatly increases the chance that "the average audience would not recognize the appropriation." *Newton*, 388 F.3d at 1193.

Moreover, this case is distinguishable from cases in which the qualitative aspect of the song has rendered the copying substantial. For instance, in *Elsmere Music, Inc. v. National Broadcasting Co.*, 482 F. Supp. 741, 744 (S.D.N.Y. 1980), the defendant copied a sample of just the phrase "I Love" from the song "I Love New York." Although it described the copying as "relatively slight" due to the short length of the sample, it rejected the *de minimis* defense because the portion sampled from the plaintiff's song was "the heart of the composition." *Id.* Similarly, in *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 274–77 (6th Cir. 2009), the court applied a substantial similarity analysis to determine whether copied elements of the song "Atomic Dog" were unique to that song. There, the defendant had sampled the phrase "Bow wow wow, yippie yo, yippie yea," which comprised the refrain of the infringed song. *Id.* Finding this to be "the most well-known aspect of the song—in terms of iconology, perhaps the functional equivalent of 'E.T., phone home'"—the court upheld the jury's determination that the two songs were substantially similar. *Id.* at 276–77; *accord Newton*, 388 F.3d at 1196 (considering whether portions of a song constituted the "heart or hook" of the song for purposes of determining its qualitative significance). By contrast, the sampled portions here, even if considered together, simply constitute a *spoken* introduction to the song. That this portion comes first makes it memorable to be sure, but one cannot say that this introduction is the "heart and hook" of Plaintiffs' Song, particularly because it is spoken without any significant musical accompaniment. *Newton*, 388 F.3d at 1196.

After considering the two sound recordings of Plaintiffs' Song and the sound recordings of Defendants' allegedly infringing songs—which the Court may consider due to their references in the Fourth Amended Compliant, *Zella*, 529 F. Supp. 2d at 1128— the Court cannot find that "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal [of the two works] as the same." *Newton*, 388 F.3d at 1193 (alterations in original) (quoting *Castle Rock Entm't, Inc. v. Carol Publ'g Grp., Inc.*, 150 F.3d 132, 139 (2d Cir. 1998)). Rather, it is clear from the recordings that "the average audience, or ordinary observer,"

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-02449 BRO (JCx)** | Date | August 14, 2014 |
|---|---|---|---|
| Title | **TRENA STEWARD ET AL. V. KANYE WEST ET AL.** | | |

would not recognize these works as the same.  *Id.*  In coming to this conclusion, the Court notes that the samples used in each of Defendants' songs are not only short, but they are also distorted so that the samples are sped up and often presented in a higher pitch.  As the following chart illustrates, each of Defendants' recordings takes only short phrases from the spoken introduction, and in each case the sampled portion is distorted—sped up and in a higher pitch—and accompanied by musical instruments, vocals, or some other musical element that obscures the sampled portion.

| **Defendants' Recording** | **Alleged Words Copied** | **Modifications to Samples and Accompanying Sounds** |
|---|---|---|
| Gold Digger | "Get down" (4AC ¶¶ 29, 70) | Rapping in the foreground; sampled portion is sped up and distorted in higher pitch. |
| Step in the Arena | "Step up"  (4AC ¶¶ 123, 130) | Record scratching and instrument in the foreground; sampled portion is sped up and distorted in higher pitch. |
| Official | "It's the" (4AC ¶ 161) | Singing, record scratching, and instrument with beat in the foreground; sampled portion is sped up and distorted in higher pitch. |
| Dance on the Glass | "It's the hottest thing" (4AC ¶ 168) | Singing, instrument, and beat in the foreground; sampled portion is sped up and distorted in higher pitch. |
| The Payback Gotta | "Step up" (4AC ¶ 175) | Voice speaking and fading out with beat in the foreground; sampled portion is sped up and |

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-02449 BRO (JCx) | Date | August 14, 2014 |
|---|---|---|---|
| Title | TRENA STEWARD ET AL. V. KANYE WEST ET AL. | | |

| | | distorted in higher pitch. |
|---|---|---|
| Cold Cutz | "Step up" (4AC ¶ 182) | Record scratching and beat in the foreground; sampled portion is sped up and distorted in higher pitch. |
| Sunny Hours | "Step up" (4AC ¶ 205) | Instrument in the foreground; sampled portion is sped up and distorted in higher pitch. |
| All Caps | Drumbeat and "step" (4AC ¶¶ 233–34, 239) | Rapping and other instruments in the foreground; sampled vocal portion is sped up and distorted. |
| Ventilation | "Step up front" (4AC ¶ 257) | Instrument and record scratching in foreground; sampled portion is sped up and distorted in higher pitch.[11] |
| Step Up Breaks – Super Duck Breaks | "Step up" (4AC ¶ 273) | Recording not provided to Court.[12] |

---

[11] Defendants provided the Court with a copy of Ventilation (Dkt. No. 177), which appears to be identical to the track taken from the website grooveshark.com to which Plaintiffs did not object (Dkt. No. 170). Accordingly, the Court bases its determination on the copy of Ventilation lodged with the Court.

[12] Although the Court did not receive a copy of this recording, Plaintiffs allege that this recording was released only in Japan. (4AC ¶ 272.) In the Ninth Circuit, there is a "longstanding rule 'that the copyright laws [of this country] have no application beyond the U.S. border.'" *Siegel v. Warner Bros. Entm't, Inc.*, 542 F. Supp. 2d 1098, 1141 (C.D. Cal. 2008) (quoting *L.A. News Serv. v. Reuters Television Int'l Ltd.*, 340 F.3d 926, 931 (9th Cir. 2003)). Plaintiffs' thirty-first cause of action therefore fails to state a claim upon which relief may be granted. Nevertheless, Plaintiff recently indicated that this recording was actually released in the United States. (Dkt. No. 170 at 3.) Accordingly, Plaintiff's thirty-first cause of action is **DISMISSED WITH LEAVE TO AMEND**.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-02449 BRO (JCx)** | Date | August 14, 2014 |
|---|---|---|---|
| Title | **TRENA STEWARD ET AL. V. KANYE WEST ET AL.** | | |

| I Get Around | "Step up" (4AC ¶ 88) | Singing and instruments with beat in the foreground; sampled portion is sped up and distorted in higher pitch. |
|---|---|---|
| Get Down | "Get," "Get down," and "Get down with the" (4AC ¶ 146) | Drumbeat, instrument, and record scratching in the foreground; sampled portion is sped up and distorted in higher pitch. |

The result of these distortions and the short length of the samples is that the average audience would not recognize Plaintiffs' Song in any of Defendants' songs without actively searching for it.  In the Ninth Circuit, digital sampling is *de minimis* when "the average audience would not recognize the appropriation."  *Newton*, 388 F.3d at 1193.  Accordingly, the Court finds Defendants' alleged copying to be *de minimis* and therefore **GRANTS** Defendants' motion as to Plaintiffs' first, third, fifth, seventh, tenth[13] through thirteenth, seventeenth through twentieth, twenty-third, twenty-fifth, twenty-sixth, twenty-eighth, twenty-ninth, and thirty-first claims for relief.

### 2. Plaintiffs' Contributory Infringement Claims Must Be Dismissed

Plaintiffs also bring numerous claims for contributory copyright infringement.  But "[s]econdary liability for copyright infringement does not exist in the absence of direct infringement by a third party."  *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001); *accord Religious Tech. Ctr. v. Netcom On–Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1371 (N.D. Cal. 1995) ("[T]here can be no contributory infringement by a defendant without direct infringement by another.").  Because Plaintiffs have not stated a claim for direct copyright infringement as to any of these songs, their claims for contributory infringement similarly must fail.  Accordingly, the

---

[13] Plaintiffs' tenth and eleventh causes of action against Activision have already been dismissed.  (Dkt. No. 145.)

LINK:

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-02449 BRO (JCx)** | Date | August 14, 2014 |
|---|---|---|---|
| Title | **TRENA STEWARD ET AL. V. KANYE WEST ET AL.** | | |

Court **GRANTS** Defendants' motion with regard to Plaintiffs' fourth, sixth, eighth, fifteenth, twenty-fourth, and twenty-seventh causes of action.

### 3. Plaintiffs' Have Failed to State a Claim for Declaratory Relief

In addition to alleging claims for direct and contributory copyright infringement, Plaintiffs allege five claims seeking declaration of joint authorship and equitable accounting.  Defendants argue that Plaintiffs have failed to state a claim for declaratory relief stating that David Pryor was a joint author of Defendants' work.  In evaluating a claim for joint authorship, courts consider whether (1) "an alleged author exercises control over a work, serves as 'the inventive or master mind,' or creates or gives effect to an idea"; (2) "there exists an objective manifestation of a shared intent to be co-authors"; and (3) "the audience appeal turns on both contributions and the share of each in its success cannot be appraised." *Reinsdorf v. Skechers U.S.A.*, 922 F. Supp. 2d 866, 872 (C.D. Cal. 2013) (quoting *Aalmuhammed v. Lee*, 202 F.3d 1227, 1233 (9th Cir. 2000)) (internal quotation marks omitted).  Here, Plaintiffs have failed adequately to allege these factors.  For instance, Plaintiffs nowhere allege that there was an objective manifestation by any of the Defendants of a shared intent to be co-authors on any of the allegedly infringing works.  Nor have Plaintiffs alleged that David Pryor exercised any control over the allegedly infringing works.  In fact, as Defendants point out, one of these works was released during the timeframe (between 2004 and 2006) when Plaintiffs allege that David Pryor remained hospitalized and incapacitated.

In their opposition to Defendants' motion, Plaintiffs appear to concede that David Pryor was not a joint author of Defendants' works.  (Dkt. No. 138 at 24–26.)  Instead, Plaintiffs argue that Defendants are construing their declaratory relief causes of action too narrowly—that Plaintiffs still retain a beneficial ownership interest in Defendants' works based on David Pryor's vocal performance contributions, even though those contributions are minor, and even though Mr. Pryor could not be considered a joint author.  In support of this argument, Plaintiffs rely on *Garcia v. Google*, 743 F.3d 1258 (9th Cir. 2014), *opinion amended and superseded*, 12-57302, 2014 WL 3377343 (9th Cir. July 11, 2014).[14]  Plaintiffs suggest that, under *Garcia*, Plaintiffs may assert an independent

---

[14] Although the parties' briefing was completed before the Ninth Circuit amended its opinion in *Garcia*, the amendment does not materially change the parties' arguments based on the case's holding.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-02449 BRO (JCx)** | Date | August 14, 2014 |
|---|---|---|---|
| Title | **TRENA STEWARD ET AL. V. KANYE WEST ET AL.** | | |

copyright interest in David Pryor's allegedly sampled vocal performances in Defendants' various works. While Plaintiffs are correct that an artist's "copyright interest in a creative contribution to a work [does not] simply disappear[] because the contributor doesn't qualify as a joint author of the entire work," *Garcia*, 2014 WL 3377343, at *2, this fact does not make Mr. Pryor's samples independently copyrightable, nor does it somehow provide Plaintiffs a copyright interest in Defendants' works as a whole. In fact, the court made clear in *Garcia* that the plaintiff was not "claim[ing] a copyright interest in [the allegedly infringing work] itself; far from it." *Id.* Rather, the court merely held that the plaintiff retained whatever independently copyrightable interest she had in her performance in that film. *Id.* Such a circumstance is not at issue here.

The Ninth Circuit's decision in *Garcia* did not change the standard for joint authorship, nor did it create any copyrightable interest in the plaintiff's work that did not exist before. *See id.* ("To succeed on this claim, Garcia must prove not only that she likely has an independent interest in her performance but that Youssef doesn't own any such interest as a work for hire and that he doesn't have an implied license to use her performance."). Because Plaintiffs have failed to allege the facts necessary to state a claim for joint authorship under *Aalmuhammed*, Plaintiffs cannot claim any joint authorship or other beneficial interest in Defendants' works. Accordingly, the Court **GRANTS** Defendants' motion as to Plaintiffs' second, ninth, fourteenth, twenty-first, twenty-second, and thirty-second causes of action.[15]

---

[15] Defendants also argue that these claims are time-barred and that any claims of joint authorship are defeated by express repudiation. Because the Court finds that Plaintiffs failed to state a prima facie claim for joint authorship, however, the Court need not consider these arguments.

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 13-02449 BRO (JCx)** | Date | August 14, 2014 |
|---|---|---|---|
| Title | **TRENA STEWARD ET AL. V. KANYE WEST ET AL.** | | |

## VI.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion for judgment on the pleadings and **DENIES** Plaintiffs' cross-motion.  Because amendment would be futile, the Court hereby **DISMISSES** Plaintiffs' first through fifteenth, seventeenth through twenty-ninth, and thirty-second claims **WITH PREJUDICE**.  Plaintiffs' remaining claims are limited to their sixteenth and thirtieth causes of action for copyright infringement—which were not at issue in this motion—and their thirty-first cause of action for copyright infringement, which the Court **DISMISSES WITH LEAVE TO AMEND**.  Plaintiff must file a Fifth Amended Complaint by no later than **9 a.m. on August 27, 2014**.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |